IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**HENRY C. HALL,**

        **Petitioner,**

        v.                           CASE NO. 13-3175-RDR

**COLONEL SIOBAN LEDWITH,**
**Commandant, U.S.D.B.,**

        **Respondent.**

### O R D E R

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate at the United States Disciplinary Barracks, Fort Leavenworth, Kansas. Petitioner has filed a Motion to Proceed in forma pauperis together with financial information indicating that it should be granted. Having examined the petition and attachment, the court finds that a responsive pleading is required.

In September 2005, petitioner was convicted by general court-martial of Maiming and False Official Statement. He entered a plea of guilty pursuant to a plea agreement and was sentenced to confinement for 13 years. He appealed to the Army Court of Criminal Appeals, which affirmed. He then appealed to the Court of Appeals for the Armed Services, which denied his petition for review on December 13, 2006.

Petitioner does not challenge his military conviction or

1

sentence.  Instead, he complains about a loss of "Earned Time also called Work Abatement," apparently upon his return to confinement after violation of parole.  In support of this claim he alleges that upon his parole release he signed a binding agreement with the USDB/Clemency & Parole Board in which he agreed to waive his Good Conduct Time and Extra Good Time only.  He further alleges that nothing in the agreement or the applicable regulations (citing AR 190-47, DODI 1325.7 and AR 15-130) indicated that he would also lose this Earned Time/Work Abatement.[1]  Petitioner does not specify what relief he is asking the court to grant, but apparently is seeking restoration of all his previously earned "Earned Time."  He claims entitlement to immediate release.

Petitioner alleges that he has utilized administrative remedies available at the USDB.  However, he makes no mention of having litigated a petition for extraordinary relief in the nature of a Writ of Habeas Corpus that raised his claims regarding loss of Earned Time credit in military court.  It is not clear whether judicial review of disputes about sentence credit is available upon application for

---

1   In his exhibited "Inmate Request Slip" to the Commandant, petitioner noted the following while referencing military regulations.  AR 190-47 defined Earned Time as "the abatement earned by prisoners through work performance, program participation, or extraordinary achievements, which is used to reduce sentence to confinement."  AR 190-47 defined Good Conduct Time as "regulatory deduction from a definite term of sentence awarded to a prisoner for good conduct.  DODI 1325.7 defines Earned Time as "a deduction of days from a prisoner's release date earned for participation and graded effort in the areas of work, in part."  DODI 1325.07 defines Good Conduct Time as "a deduction of days from a prisoner's release date for good conduct and faithful observance of all facility rules and regulations."  DODI 1325.7-M Sentence Computation Manual states the "very same definitions for Good Conduct Time and Earned Time as the DODI 1325.7 dated July 17, 2001 at 6.17.9.4." which states that "prisoners who accept parole shall waive all GCT and EGT earned up to the date of release on parole."

2

an extraordinary writ in the military courts, even though it may not be available on direct review of the court-martial. *See U.S. v. Spaustat*, 57 M.J. 256, 263 (U.S.A.F. 2002)(citing see generally *United States v. Wilson*, 503 U.S. 329, 337 (1992)(review of pretrial confinement credit); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(review of good time determination).[2]

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that respondent herein is hereby required to show cause within twenty (20) days from the date of this order why the writ should not be granted and the prisoner released from custody; that the petitioner is hereby granted ten (10) days after receipt by him of a copy of the respondents' answer and return to file a traverse thereto, admitting or denying under oath all factual allegations therein contained; and that the file then be returned to the undersigned judge for such further action as may be appropriate.

**IT IS SO ORDERED.**

**DATED: This 23rd day of October, 2013, at Topeka, Kansas.**

---

2  It has been held by a military court that good conduct credit for satisfactory behavior while in prison is not a constitutional, statutory, or inherent right. See *U.S. v. Rivera-Rivera*, 19 M.J. 971, 972 (ACMR 1985)(citing *Hewitt et al. v. Helms*, 459 U.S. 460 (1983)).

s/RICHARD D. ROGERS
United States District Judge